UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEHEMIAH ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>R. ROSENTHAL, et al.,<br><br>    Defendants.<br>_____ / | CASE NO.   1:11-cv-00746-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

### SCREENING ORDER

**I.    PROCEDURAL HISTORY**

On May 10, 2011, Plaintiff Nehemiah Robinson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 8.) Plaintiff's Complaint is now before the Court for screening.

1

## II.    **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.    **SUMMARY OF COMPLAINT**

The Complaint names the following individuals as Defendants: (1) R. Rosenthal, Senior Librarian, California State Prison, Corcoran (Corcoran); (2) B. Van Klaveren, Principal of Education Department, Corcoran; (3) S. Wartman, Academic Vice Principal, Corcoran; (4) V. Neri, Library Technical Assistant, Corcoran; (5) Ms. Klippenstein, Library Technical Assistant, Corcoran; (6) R. Lopez, Acting Warden, Corcoran; (7) M. Martel; (8) C. Pliler, Warden, California State Prison, Sacramento (Sacramento); and (9) S. Kernan,

2

Undersecretary of Operations, California Department of Corrections and Rehabilitation (CDCR).

Plaintiff alleges the following:

The CDCR has a grievance system for prisoners seeking to challenge their treatment or conditions of confinement. An inmate must first seek informal relief by filing his grievance with a staff member who provides a written response. If the inmate is dissatisfied with the response he may pursue successive levels of formal review. (Compl. at 7, 8.) Plaintiff has filed many inmate grievances and appeals and very seldom receives a response. (Id. at 8, 9.) No copies or receipts are provided to an inmate, so prison officials, frequent subjects of complaints, can destroy them with impunity. (Id. at 9, 10.) Defendants have intentionally misplaced or destroyed inmate appeals. (Id. at 8.)

Plaintiff is housed with the general population in the 3A facility at Corcoran. The 3A law library has computer and print resources; however, the print collection is not maintained by staff and is not accessible to inmates. The 3A facility has been on modified program or lockdown since May 14, 2006 as a result of failed attempts to peacefully integrate various prison groups. (Id. at 11, 12.) Physical access to the law library is denied during modified program or lockdown. Inmates are allowed to request materials in a program called paging. Plaintiff has submitted more than thirty requests for legal materials and received no response. Library staff do not visit units as required by prison policy. Under these conditions Plaintiff can not "make legal copies, get legal supplies, research case law or have access to the courts in any way." (Id. at 12.)

Plaintiff's access to the library's resources are hampered even when there is no lockdown or modified program in effect. Defendant Rosenthal has caused the entire library

3

system at Corcoran to fall into disarray.  Rosenthal has mental problems and disabilities that leave him unable to carry out his duties as the Senior Librarian.  The Defendants are aware of Rosenthal's incompetence, but have failed to correct the situation.  (Id. at 16.)

The Defendants are aware that the print materials and paging system are constitutionally inadequate.  (Id. at 17.)  The Defendants have generally failed to provide Plaintiff with access to an adequate law library or assistance from persons trained in the law and have thus violated his right to access the courts.  (Id. at 12.)  More specifically, Plaintiff was denied the right to access the courts while prosecuting this action.  Plaintiff failed to meet multiple filing deadlines even though he mailed his documents well in advance of those deadlines.  (Id. at 14.)  "Plaintiff advised the trial court early on in these proceedings that, as a prisoner," his ability to conduct legal research and prepare filings was limited.  (Id. at 15.)

## IV.  ANALYSIS

### A.  Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

4

mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

5

The Complaint attributes liability to the Defendants generally, not to any individual Defendants. Plaintiff alleges that his rights have been violated without specifically explaining how each Defendant is responsible. Rosenthal is the only Defendant identified by name in the factual allegations, and Plaintiff does not sufficiently explain how Rosenthal's alleged mental instability created a constitutional violation.

Plaintiff has failed to link any of the Defendants to the alleged violations and thus failed to state a claim. The Court will provide him an opportunity to amend. In order to state a cognizable claim, Plaintiff needs to set forth sufficient facts showing that each Defendant personally took some action that violated Plaintiff's constitutional rights. Sweeping conclusory allegations will not suffice; Plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988). The mere fact that they may have supervised the individuals responsible for a violation is not enough. The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The following sections of this order will notify Plaintiff of other pleading deficiencies and the legal standards applicable to each claim.

**C.    Inmate Appeal Process**

Plaintiff alleges that the prison grievance system does not contain a safeguard to prevent prison officials from destroying inmate grievances. Plaintiff has filed many grievances and very seldom receives a response. Plaintiff alleges that by failing to adequately process his inmate appeals, the Defendants violated his First, Fifth, Eighth, and

6

Fourteenth Amendment rights.

Because there is no constitutionally protected right to a prison grievance process, the failure to process Plaintiff's grievances does not state a claim for denial of his Fourteenth Amendment due process rights. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). The Fifth Amendment is not applicable in this context as its "due process clause only applies to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).

Plaintiff has a First Amendment right to file prison grievances but does not have a right to any particular response. Johnson v. Subia, 2010 WL 3767732, *2 n. 3 (E.D. Cal. Sept. 22, 2010). "An inmate has no due process rights regarding the proper handling of grievances." Wise v. Washington State Department of Corrections, 244 Fed.Appx. 106, 108 (9th Cir. 2007), cert. denied, 552 U.S. 1282 (2008). To the extent Plaintiff may believe the refusal to process his appeals gives rise to a viable claim for denial of access to the courts, Plaintiff is incorrect. Such a claim accrues only when an inmate suffers an actual injury, and speculation that the inability to pursue an appeal will lead to a future litigation injury is insufficient. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis v. Casey, 518 U.S. 343, 351 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).

Plaintiff has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals and, therefore, due process claims based on the denial of or interference with a prisoner's access to a prison grievance system are not cognizable.

Plaintiff also alleges a violation of his Eighth Amendment rights. However, the Complaint gives no indication as to the basis for this claim. To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent

7

to a substantial risk of harm to his health or safety. Farmer v. Brennan, 511 U.S. 825, 827 (1994).

Because amendment of Plaintiff's due process claims would be futile, leave to amend those claims will not be granted. However, the Court will provide Plaintiff an opportunity to clarify and amend his Eighth Amendment claim.

**D.     Access to Courts**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977); see also Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999). The right, however, "guarantees no particular methodology but rather the conferral of a capability - the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts . . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. Lewis, 518 U.S. at 356-57. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. at 351.

Plaintiff plausibly alleges that he has been denied the capability to pursue his legal claims. However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation.

Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348)) (quotation marks omitted). "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354.  Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id. at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354 (quotations and citations omitted).  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355.  The absence of an injury precludes an access claim, and Plaintiff's complaint is devoid of any facts suggesting any injury occurred. Christopher v. Harbury, 536 U.S. 403, 415-16 (2002); Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004).  Therefore, Plaintiff fails to state a claim.

The Court will grant Plaintiff leave to amend.  In order to state a cognizable access to courts claim, Plaintiff must identify an actual injury and specify how each Defendant participated in the violation.

## V.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also

9

demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed May 10, 2011;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: February 26, 2013                   /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE