# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEHEMIAH ROBINSON,<br><br>  Plaintiff,<br><br>v.<br><br>R. ROSENTHAL, et al.,<br><br>  Defendants. | CASE No. 1:11-cv-00746-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 11)<br><br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Nehemiah Robinson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed May 10, 2011 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)  Plaintiff consented to extend magistrate judge jurisdiction to all matters and purposes. (Consent to Magistrate, ECF No. 8.)

The Court screened Plaintiff's Complaint and dismissed it on February 27, 2013 for failure to state a claim, but gave Plaintiff leave to file an amended complaint by not later than April 1, 2013.  (Order Dismiss. Compl., ECF No. 9.)  Plaintiff moved for a thirty day extension of time on April 4, 2013.  (ECF No. 10.)  The Court extended the deadline for filing the amended complaint by thirty days on April 5, 2013.  (ECF No. 11.)

The May 8, 2013 deadline has passed without Plaintiff filing an amended complaint or requesting an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal [of a case]." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's Order requiring that he file an amended complaint by not later than May 8, 2013.

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this order, Plaintiff shall either show cause as to why his case should not be dismissed with prejudice for failure to comply with the Court's April 5, 2013 Order, or file an amended complaint; and

2. If Plaintiff fails to show cause or file an amended complaint, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   May 23, 2013                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE