1
2
3
4
5

# UNITED STATES DISTRICT COURT

6
7

## EASTERN DISTRICT OF CALIFORNIA

8

NEHEMIAH ROBINSON                    CASE NO.    1:11-cv-00746-MJS (PC)

9
                    Plaintiff,        ORDER   DISMISSING   PLAINTIFF'S
10                                     COMPLAINT FOR FAILURE TO COMPLY
        v.                             WITH A COURT ORDER
11

12   R. ROSENTHAL, et al.,             (ECF No. 12)

13                    Defendants.      CLERK SHALL CLOSE THE CASE

14   _____/

15

16       Plaintiff Nehemiah Robinson is a state prisoner proceeding pro se and in forma

17   pauperis in his civil rights actions pursuant to 42 U.S.C. § 1983.  Plaintiff has consented

18   to Magistrate Judge jurisdiction.  (ECF No. 8.)

19       On February 27, 2013, Plaintiff's Complaint was screened and dismissed, with leave

20   to amend, for failure to state a cognizable claim.  (ECF No. 9.)  Plaintiff moved for an

21   extension of time to file an amended complaint on April 4, 2013. (ECF No. 10.) The Court

22

23   granted Plaintiff an extension and directed Plaintiff to file an amended compliant by May

24   8, 2013.  (ECF No. 11.)  Plaintiff did not do so.  On May 24, 2013, the Court issued an

25   Order to Show Cause, ordering Plaintiff to file an amended complaint by June 7, 2013.

26   (ECF No. 12.)  In the alternative, Plaintiff was to show cause  why his case should not be

27

1

dismissed for failure to comply with a Court Order and failure to state a claim.  (Id.)  The June 7, 2013 deadline has passed and Plaintiff has not complied with or otherwise responded to the Court's Order.  Plaintiff has not filed an amended complaint or shown cause why his case should not be dismissed.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal [of a case]." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

2

disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor - public policy favoring disposition of cases on their merits - is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's Order expressly warned Plaintiff that failure to respond would result in dismissal of this action for failure to prosecute. (ECF No. 12.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order.

Accordingly, the Court hereby ORDERS that this action be dismissed with prejudice for failure to comply with the Court's May 24, 2013 Order. (ECF No. 12.) This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   June 21, 2013          /s/ Michael J. Seng
                                UNITED STATES MAGISTRATE JUDGE